THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
The State, Respondent,
v.
Hastings Arthur Wise, Appellant.
 
 
 

Appeal From Aiken County
 Thomas W. Cooper, Jr., Circuit Court Judge
 

Memorandum Opinion No. 2005-MO-044
Submitted September 9, 2005 - Filed September 26, 2005

AFFIRMED

 
 
 
Acting Chief Attorney Joseph L. Savitz, III, and Assistant Appellate Defender Robert M. Dudek, S.C. Office of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General S. Creighton Waters, all of Columbia; and Solicitor Barbara R. Morgan, of Aiken, for Respondent.
 
 
 

PER CURIAM:  Appellant was convicted of four counts of murder, three counts of assault and battery with intent to kill, four counts of possession of a firearm during the commission of a violent crime, and second degree burglary and was sentenced to death.  This Court affirmed appellants convictions and sentences, and the United States Supreme Court denied certiorari.  State v. Wise, 359 S.C. 14, 596 S.E.2d 475, cert. denied, ___ U.S. ___, 125 S.Ct. 355, 160 L.Ed.2d 263 (2004).
When appellant notified the Court that he wished to waive all future appeals and be executed, this matter was remanded to the trial judge to determine appellants competency.  The trial judge found that appellant was competent to waive his right to future proceedings.  The judge also found that he did not have jurisdiction to order a mini-evaluation of appellant immediately prior to his execution.  Counsel for appellant has appealed from the order of the trial judge, challenging only the finding by the trial judge that he did not have jurisdiction to order a subsequent evaluation of appellant.
Because there is no challenge to the competency finding in this case, we are not required to review the finding that appellant is competent.  See Rule 208(b)(1)(B), SCACR (ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal);
State v. Torrence, 305 S.C. 45, 406 S.E.2d 315 (1991) (abolishing in favorem vitae review in death penalty cases).  However, because all of the experts agree that appellant is competent, we find that the evidence supports the trial judges finding that appellant is competent to waive his right to any future proceedings.
Appellant argues that this matter should be remanded to the trial judge to order a mini-evaluation of appellant immediately prior to his execution or, in the alternative, this Court should order a mini-evaluation.
The State cannot execute an incompetent inmate.  Council v. Catoe, 359 S.C. 120, 597 S.E.2d 782 (2004);
Singleton v. State, 313 S.C. 75, 437 S.E.2d 53 (1993).  If an inmate alleges he or she is incompetent after an order of execution is issued by this Court, the inmate may apply for Post- Conviction Relief on the basis of competency, pursuant to S.C. Code Ann. § 17-27-20(a)(6) (2003).  Singleton v. State.  At that time, an evidentiary hearing will be held at which the inmate must show by a preponderance of the evidence that he or she lacks the requisite competency for execution.  Id.  If the PCR court finds the applicant incompetent, and this Court agrees, a stay of execution will be issued.  Id.  When the inmate becomes competent, the State must move for a hearing before the PCR judge to lift the stay of execution.  Id.
This matter was remanded to the trial judge for the sole purpose of determining appellants competency to waive his right to further proceedings.  The issue of whether appellant is competent to be executed was not before the trial judge and is not properly before this Court at this time.  Once this Court issues an order of execution, appellant may then institute a PCR action if he contends he is not competent to be executed.  Accordingly, the trial judge properly refused to order a subsequent evaluation of appellant.
 AFFIRMED.
TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.